JOSÉ VARGAS-VARGAS, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 723. Submitted May 28, 1928.—Decided May 29, 1928.

*Nazario* & *García Méndez* for the appellant. The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

José Vargas Vargas brought dominion title proceedings in the District Court of Mayagüez with relation to a rural property of thirty-two acres in the ward of Santa Rosa of Lajas half of which was acquired by him by inheritance from his father and the other half by purchase from Juan Gualberto Vargas, the purchaser being married to Eleuteria Peraza on the date of the purchase. The court approved the dominion title and when its decision was presented in the registry of property of San Germán the registrar refused to record it and explained in his note that there can be no consolidation of two properties of which one is separate property and the other has been acquired with the presumption that it is community property. The present appeal was taken from that decision.

Art. 61 of the Regulations for the Execution of the Mortgage Law reads as follows:

"The following shall be recorded under a single number if the persons interested should so request, being considered a single estate, in accordance with article 8 of the law and for the purposes therein stated:

"First. Rural property known as farms, coffee plantations, sugar plantations, pastures, stock farms, etc., which form dependent or joined property, with one or more buildings and one or more tracts

of land, wooded or otherwise, even though they are not contiguous to each other or to the building, provided they belong to the same parcel and to one person only, or to a number of persons *pro indiviso*, even though it be subject to charges or property rights, held by one or a number of persons, and composed of different sections or parts given in emphyteusis. For the purposes of record, the direct ownership shall be considered sole, even though there be a number of persons who collect rents or annuities from an estate in the capacity of direct owners, provided the estate is not divided among them for such purpose.

"Second. Every urban estate and every building, even though the ownership of specific parts, rooms, or floors, is vested absolutely or qualifiedly in different persons.

"Third. Every building or place of shelter situated beyond the limits of towns, with all its dependencies and appurtenances, such as yards, covered passages, pigeon houses, etc., which, even though it belong to a number of persons *pro indiviso*, is subject to charges or property rights, corresponding to one or more persons, or is divided into sections or portions given in emphyteusis.

"Fourth. Adjoining tracts of land belonging to the same person, or to a number of persons *pro indiviso*, even though they contain no place of shelter whatsoever and their origin is not identical, and even though they shall have come into the possession of the last holder from different sources.

"When the property right or charge to which the combined estates referred to in subdivision 1 may be subject, should be divided into fractions, and the estates charged with each fraction should be determined, the latter may be recorded apart from the others, under a different number, although all those which are subject to the same fraction of the charge shall constitute a group among themselves.

"If any of the group of estates which can be recorded under a single number. in accordance with the provisions of this article, should be situated within the territory of two or more municipalities, the part corresponding to each shall be recorded in its special registry, a statement being made at the end of the record to the effect that the estates mentioned therein, constitute, in conjunction with the others, the numbers, books, and folios of which will be cited, the————(estate, coffee or sugar plantation, etc.), and giving the name, if it has any, or otherwise the general name by which said group is known."

This court has upheld in its entirety the rule stated in the said Art. 61. In *Muñoz* v. *Registrar,* 25 P.R.R. 786, and *Vila* v. *Registrar,* 27 P.R.R. 848, cited by the registrar in his decision and which are strictly applicable to the present case, the court maintained the doctrine of the legal impossibility of consolidating separate property with community property.

It is alleged here by the appellant that there is no consolidation because the property of thirty-two acres was inherited from Eleuterio Vargas by his sons José and Juan Gualberto, and that the inheritance was by undivided halves. This is of no importance. The indivision in that case affects the materiality of the positions of the property which have to be of one or the other of the sharing brothers; but the ownership is found before the law divided into two portions or moieties and with each one of them goes the corresponding title. The purchase made from Juan Gualberto Vargas by his brother José Vargas while the purchaser was married gives the character of presumptive community property to the part purchased and then the presumptive owner of that part is not appellant José Vargas, but the conjugal partnership composed by law of him and his wife Eleuteria Peraza. So that as regards half of the property, the title is by inheritance in favor of the appellant, and as regards the other half, the title is by purchase, with the presumption that it is community property of the conjugal partnership José Vargas and Eleuteria Peraza.

The decision of the Registrar of San Germán appealed from is affirmed.